SUPERIOR COURT OF NEW JERSEY, CAPE MAY COUNTY
LAW DIVISION - CIVIL PART

ANGELA HERON
              Plaintiff
vs.
TWILIGHT MOTEL, INC.;
KATHLEEN MANGINI;
BOOKING.COM;
PATROLMAN PETER HAND;
PATROLMAN ROSETTI;
DETECTIVE JOHN RIBERA;
JOHN DOES 1-20; and JOHN DOE
CORPORATIONS 1-20
              Defendants

Docket No. CPM-L-__447__-21

Civil Action – Jury Trial Demanded

COMPLAINT

Plaintiff Angela Heron, though the undersigned attorney, Cristal Law Firm LLC, brings the following Complaint at law seeking monetary damages, and in support thereof avers the following.

## BACKGROUND

1. Plaintiff Angela Heron is an adult individual residing in Souderton Pennsylvania.

2. Defendant Twilight Motel Inc. ("Twilight") is a private, for-profit New Jersey corporation regularly conducting business in New Jersey, with main offices and location at 210 East Spicer Avenue, City of Wildwood, Cape May County, New Jersey 08260.

3. Defendant Kathleen Mangini ("Mangini") is an adult individual who currently works, and at all relevant times herein has worked, as an employee and agent of Twilight acting within the scope and in the course of her employment and agency, whereby Twilight is vicariously liable for her acts and omissions averred herein under the doctrine of Respondeat Superior. She is located and can be served with process at Twilight Motel, 210 East Spicer Avenue, City of Wildwood, Cape May County, New Jersey 08260.

EXHIBIT A

4. Defendant Patrolman Peter Hand ("Hand") is an adult individual located at the Wildwood Police Department, 4400 New Jersey Avenue, City of Wildwood, Cape May County, New Jersey 08260. At all relevant times herein he employed as a police officer and patrolman with the City Wildwood Police Department and was acting within the scope of his employment as a police officer, acting under color of state law and with the authority of a police officer in the State of New Jersey.

5. Defendant Patrolman Rosetti ("Rosetti") is an adult individual located at the Wildwood Police Department, 4400 New Jersey Avenue, City of Wildwood, Cape May County, New Jersey 08260. At all relevant times herein he employed as a police officer and patrolman with the City Wildwood Police Department and was acting within the scope of his employment as a police officer, acting under color of state law and with the authority of a police officer in the State of New Jersey.

6. Defendant Detective John Ribera ("Ribera") is an adult individual located at the Wildwood Police Department, 4400 New Jersey Avenue, City of Wildwood, Cape May County, New Jersey 08260. At all relevant times herein he employed as a police officer and detective with the City Wildwood Police Department and was acting within the scope of his employment as a police officer, acting under color of state law and with the authority of a police officer in the State of New Jersey.

7. Defendant Booking.com ("Booking") is a private, for-profit, international corporation regularly conducting business in the State of New Jersey. Its main corporate office is located at Herengracht 597, 1017 CE Amsterdam, Netherlands; its USA corporate office is located at 800 Connecticut Avenue, Norwalk, Connecticut 06854. According to Booking's

website, it accepts complaints through its Dispute Resolution Center, which is accessed through Booking's website.

8. Personal Jurisdiction over named defendants is proper in the state of New Jersey on the grounds that the defendants herein are primarily located, doing business and licensed in the State of New Jersey and a substantial portion of the events and transactions described herein occurred in the State of New Jersey.

9. Venue is proper in Cape May County (NJ) in accordance with the applicable Rules of Civil Procedure, on the grounds that most of the defendants herein are primarily located, doing business and licensed in the County of Cape May, and all or most of the events and transactions described herein occurred in the County of Cape May. Venue in Cape May County is consistent with fairness and equity to all parties.

10. On July 21, 2021, Plaintiff was staying as a paying guest at Twilight Hotel, owned and operated by Twilight, at 210 East Spicer Avenue, City of Wildwood, Cape May County, New Jersey 08260. Plaintiff had made a reservation through Booking. When she first came to the hotel, Mangini was at the front desk of Twilight, confirmed the reservation and asked for Plaintiff's credit card. Plaintiff handed Mangini her credit card, Mangini took it to the back and ran it or copied it, then gave it back to Plaintiff.

11. On July 21, 2021, Mangini and Twilight contacted the City of Wildwood Police Department and made the false claim that Plaintiff had stolen another person's credit card and used it to pay for the room where Plaintiff was staying, and Mangini and Twilight furthermore asked the police to come and arrest her. This claim by Mangini and Twilight was a false and defamatory claim made with malice, recklessly and/or intentionally. Mangini and Twilight were

negligent and reckless in failing to take reasonable steps to see if the allegation was true or false prior to contacting the police.

12. The credit card information, to the extent it was wrongly entered, was entered incorrectly by Booking, Mangini and/or Twilight, who were thereby negligent for carelessly entering the numbers without using due caution and circumspection and without double-checking and taking measures to prevent incorrect entry. Plaintiff had given her correct credit card information to these defendants. Mangini herself had taken and ran Plaintiff's credit card.

13. Booking was negligent in failing to provide reasonable safeguards in its reservation process to avoid customers being falsely charged and arrested for theft due to mistakes in entering information into the computer. For example, Booking failed to require the entry of CVV codes, zip codes, names, addresses or other confirmation process in order to hold or charge a credit card. Booking's credit card entry procedure violated state law and federal law and violated the Payment Card Industry Data Security Standard (PCI DSS), which is a set of security standards designed to ensure that all companies that accept, process, store or transmit credit card information maintain a secure environment. Booking's failures and violations proximately caused an unrelated person's credit card being held or charged or notified.

14. Defendant Booking was also negligent for failing to instruct and train its member hotels, including Twilight, on the proper way to enter credit card information, check and confirm for correct entry, and investigate and when and how to respond in the event of a mistake in entry.

15. Upon receiving the call from Mangini/Twilight, Defendants Hand, Rosetti and/or Ribera (Police Defendants) were the police officers at City of Wildwood Police Department who investigated the call, made the decision to arrest Plaintiff and physically did arrest her, bring her

to the station in a squad car, booked her, interrogated her, searched her and her hotel room and seized things, and kept her handcuffed for hours at the police station.

16.     Police Defendants travelled to Twilight Hotel, entered Plaintiff's room on the second floor after knocking, grabbed her arm harshly and put her in handcuffs, arresting Plaintiff while her teenage daughter and her daughter's friend looked on. Police Defendants walked Plaintiff in handcuffs to their squad car, put her in and drove to the police station where they booked her, interrogated her and kept her handcuffed to a bench in a room for hours. Then, they let her go with no charges and said they were sorry. While Plaintiff was still handcuffed Police Defendants berated her, laughed at her and spoke in a demeaning way to her. They refused to let her call her husband or children.

17.     After arresting Plaintiff and keeping her handcuffed at the police station for an extended period of time, Police Defendants finally made a simple phone call to Booking.com and thereby found that Twilight or Booking.com entered an incorrect card number and there was no attempted theft. After this call, Police Defendants released Plaintiff and apologized to her.

18.     At all relevant times, Police Defendants acted without a warrant; were not facing any kind of emergency or safety issue; and had no grounds for acting the way they did; there was no reason to arrest Plaintiff prior to undertaking any kind of reasonable investigation into the allegation. Police Defendants acted with malice, without probable cause and without a reasonable basis to believe that probable cause existed.

## COUNT ONE

19.     Plaintiff repeats all prior allegations of this Complaint and incorporates same into this Count as if set forth at length.

20. Booking, Mangini and Twilight, in the course of the foregoing acted with negligence and/or reckless disregard and/or malicious intent. Accordingly, Booking, Mangini and Twilight are liable to Plaintiff for Negligence.

21. Mangini and Twilight, in calling the police and alleging Plaintiff had committed theft, made a statement of false fact concerning alleged criminal activity, and were negligent or reckless in failing to ascertain the truth before making the statement. Plaintiff is not a public figure. Mangini and Twilight are liable to Plaintiff for the torts of Slander and Defamation and for the filing of a false police report.

22. Mangini and Twilight, in calling the police, disclosed private and confidential information about Plaintiff, her finances, her whereabouts, her family, etc. while making false statements about Plaintiff. Mangini and Twilight are therefore liable to Plaintiff for the tort of Invasion of Privacy, including their intruding on Plaintiff's seclusion and solitude, disclosing false facts about Plaintiff that are of a private and embarrassing nature and publicizing information that placed Plaintiff in a false light.

23. Mangini and Twilight initiated criminal proceedings against Plaintiff causing Plaintiff to be arrested in front of her child and a stranger, taken to the police station and booked, questioned and detained by police. Mangini and Twilight did this without probable cause to believe a crime had been committed. Mangini and Twilight acted with malicious motives and acted with reckless disregard and in a grossly negligent manner and with ulterior motive, primarily for a purpose other than that of securing adjudication of the charges, which they knew were false. The underlying proceeding terminated in favor of Plaintiff, the charges being dropped completely. Mangini and Twilight are therefore liable to Plaintiff for the torts of Malicious Prosecution and Abuse of Process.

24. The aforesaid actions of Mangini and Twilight were outrageous and totally unacceptable in a civilized society causing permanent and severe emotional distress requiring medical treatment. Mangini and Twilight are therefore liable to Plaintiff for Intentional Infliction of Emotional Distress.

25. Plaintiff therefore has grounds to bring civil claims against Mangini and Twilight for Negligence, Slander, Defamation, Filing False Police Report, Invasion of Privacy, Malicious Prosecution and Intentional Infliction of Emotional Distress.

26. The aforesaid actions of Mangini and Twilight were intentional, willful and wanton and/or committed in reckless disregard and deliberate indifference to the substantial risk of serious harm to Plaintiff, and were outrageous and shocking to the conscience, entitling Plaintiff to punitive damages.

27. Plaintiff therefore has grounds to bring civil claims against Booking for Negligence.

28. The aforementioned acts, omissions, torts and violations of law by Booking, Mangini and Twilight directly and proximately caused Plaintiff to sustain severe, ongoing and permanent injuries and damages, including but limited to bodily injuries, emotional distress injuries, financial and economic damages, out-of-pocket expenses, physical pain and suffering, emotional trauma and suffering, fear, embarrassment, humiliation, frustration, extreme inconvenience, anxiety, loss of liberty and other damages.

WHEREFORE, Plaintiff demands judgment against Defendants Booking, Mangini and Twilight, individually, jointly and severally for compensatory damages, special damages, punitive damages, prejudgment interest, litigation costs, attorney's fees, and all other and further relief that the law permits and that this Court deems just.

## COUNT TWO

29. Plaintiff repeats all prior allegations of this Complaint and incorporates same into this Count as if set forth at length.

30. At all relevant times Defendants Hand, Rosetti and Ribera ("Police Defendants") were acting: (a) under color of state law and in their role as police officers and agents and employees of the Wildwood City Police Department; (b) without a warrant or judicial decree or order; (c) without the presence of any emergency or safety issue; (c) without probable cause to search or arrest, (d) without reasonable belief, or reasonable grounds to believe, in the existence of probable cause; (d) without consent of Plaintiff; (e) without having conducted a reasonable investigation; (f) without acting in accordance with standard practices and procedures for police officers.

31. Police Defendants searched Plaintiff's person without consent, arrested Plaintiff, took her to the police station, booked her, interrogated her and kept her detained and handcuffed for hours in violation of the Due Process Clause, the Fourth Amendment and the Fourteenth Amendment to the US Constitution. Police Defendants deprived Plaintiff of her civil, constitutional and statutory rights under color of law and conspired to deprive her of such rights and are liable to plaintiff under 42 USC § 1983.

32. Police Defendants' conduct deprived Plaintiffs of her right to be free of unreasonable searches and seizures, arrests, imprisonments, and her right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution. Police Defendants falsely arrested plaintiff and failed to intervene in each other's obviously illegal actions. Plaintiff has been damaged as a result of Police Defendants' wrongful acts.

33. Police Defendants aforesaid conduct constituted unlawful search and seizure, false arrest, false imprisonment and malicious prosecution.

34. In the course of the foregoing, Police Defendants were not acting in good faith; and were acting with malice; and were not acting in accordance with minimum acceptable standards of police conduct in investigating and prosecuting an alleged crime.

35. A mere quick phone call to Booking.com could have cleared it up immediately with no need to arrest Plaintiff. Police Defendants did not make that phone call until after they arrested, booked and detained Plaintiff in handcuffs for hours; had they done it beforehand, this tragedy would never have happened.

36. After said phone call, Police Defendants dropped all charges and released Plaintiff. This is legally a favorable termination for Plaintiff.

37. Therefore, Plaintiff has a civil rights claim against Police Defendants 42 USC §1983 and 1988. Police Defendants are being sued in their individual capacity. The amount in controversy far exceeds $75,000.

38. The aforementioned acts, omissions, torts and violations of law by Police Defendants directly and proximately caused Plaintiff to sustain severe, ongoing and permanent injuries and damages, including but limited to bodily injuries, emotional distress injuries, financial and economic damages, out-of-pocket expenses, physical pain and suffering, emotional trauma and suffering, fear, embarrassment, humiliation, frustration, extreme inconvenience, anxiety, loss of liberty and other damages.

WHEREFORE, Plaintiff demands judgment against Defendants Hand, Rosetti and Ribera, individually, jointly and severally for compensatory damages, special damages, punitive

Case 1:22-cv-00444-RBK-MJS   Document 1-2   Filed 01/28/22   Page 10 of 11 PageID: 15

CPM-L-000447-21   1/08/2021 11:18:28 PM  Pg 10 of 11 Tran. ID: LCV20212605402

damages, prejudgment interest, litigation costs, attorney's fees, and all other and further relief that the law permits and that this Court deems just.

    CRISTAL LAW FIRM LLC
By: /s/ Stephen Cristal
    Stephen Cristal, Esq. (NJ Atty. ID #032841995)
    Cristal Law Center, 3305 Bayshore Road, Suite 1, N. Cape May NJ 08204
    Phone: (800) 834-0714, Fax: 609-589-5199, Email: sc@cristal-law.com
    Attorneys for Plaintiff
Dated: November 4, 2021

## NOTICE OF OTHER ACTIONS

Pursuant to the provisions of R. 4:5-1, I hereby certify as follows: 1. The matter in controversy is neither the subject of any other action pending in any other court nor of a pending arbitration proceeding. 2. It is not anticipated that the matter in controversy will become the subject of any other action pending in any other court or of a pending arbitration proceeding. 3. All parties who should have been joined in this action have been so joined. I hereby certify that the foregoing statements I have made are true. I am aware that if any of the statements I have made are willfully false, I am subject to punishment.

## DEMAND FOR TRIAL BY JURY

Take Notice that plaintiff demands a trial by jury of 12 to all issues pursuant to the Rules of this Court.

## DESIGNATION OF TRIAL ATTORNEY

Please take notice that pursuant to the provisions of the Rules Governing the Courts of the State of New Jersey, Stephen Cristal, Esquire, is hereby designated as the attorney who will try this case.

## CERTIFICATION OF REDACTION

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

## DEMAND FOR COMPLIANCE WITH RULES 1:5-1(a) AND 4:17-4(c)

Take Notice that Plaintiff hereby demands, pursuant to the provisions of Rules 1:5-1(a) and 4:17-4(a), that each party serving pleadings or interrogatories and receiving responses thereto shall serve copies of all such pleadings, interrogatories, and responses thereto upon the undersigned, and further take notice that this is a continuing demand.

## DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES

Plaintiff hereby demands that each named defendant serve certified answers to Uniform Interrogatories Form C within the time and manner set forth in New Jersey Court Rule 4:17.

INITIAL DEMAND FOR DOCUMENTS

Plaintiff hereby demands that each named defendant serve complete responses and produce documents to the following requests for production of documents within the time and manner set forth in New Jersey Court Rule 4:18: (1) True and complete copies of all records, paper records, electronically-stored records, photographs, video or audio recordings, materials and documents in answering defendant's possession or control relating to plaintiff or any incident averred herein; (2) True and complete copies of all liability and umbrella insurance policies that may cover the claims averred herein; (3) True and complete copies of all written policies and procedure manuals related to the claims averred herein; (4) True and complete copies of all documents and things that answering defendant may offer as an exhibit at trial or otherwise utilize at trial on direct or cross examination; and (5) True and complete copies of all reports and curriculum vitas of all expert witnesses answering defendant may use in this lawsuit, and all written authorities on which any such expert relies upon.

CRISTAL LAW FIRM LLC
By: /s/ Stephen Cristal
   Stephen Cristal, Esq. (NJ Atty. ID #032841995)
   Cristal Law Center, 3305 Bayshore Road, Suite 1, N. Cape May NJ 08204
   Phone: (800) 834-0714, Fax: 609-589-5199, Email: sc@cristal-law.com
   Attorneys for Plaintiff
Dated: November 4, 2021